# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID G. PATRICK, JR., #325051 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PWG-17-2445 |
| FRANK BISHOP and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * | |
| | * | |
| Respondents | * | |

***

## MEMORANDUM OPINION

Pending before the Court is Petitioner David G. Patrick, Jr.'s Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, attacking his 2005 convictions in the Circuit Court for Baltimore County, Maryland for armed robbery and first-degree assault. ECF No. 1. Respondents filed a Limited Answer seeking to dismiss the Petition as time-barred. ECF No. 3. Patrick filed a Response. ECF No. 5. After considering the pleadings, exhibits, and applicable law, this Court finds a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2016); Rule 8, *Rules Governing Section 2254 Proceedings in the United States District Courts*; *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (stating a petitioner is not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). The Court will deny and dismiss the Petition as time-barred.

## PROCEDURAL HISTORY

On December 9, 2004, Patrick entered a guilty plea in the Circuit Court for Baltimore County to first-degree assault and armed robbery. Pet. 1; State Ct. Docket Entries 3, ECF No. 3-1. On February 24, 2005, he was sentenced to a total of 45 years imprisonment. State Ct. Docket Entries 5, 6, 8. On March 11, 2005, Patrick filed a Motion for Reconsideration that was denied on March 17, 2005. *Id.* at 6. On March 17, 2005, Patrick filed an Application for Review

of Sentence; the state court appointed a three-judge panel to review his sentence, and on June 16, 2005, the panel "unanimously [found] that the sentence imposed . . . by Judge Bollinger on February 24, 2005 was appropriate" and stated that it would "make no change in the sentence." *Id.* Patrick did not seek leave to appeal from the February 24, 2005 sentence. Thus, his convictions and sentence became final on Monday, March 28, 2005, when the time for filing an application for leave to appeal expired. *See* Md. Rule 8-204(b) (stating that an application for leave to appeal must be filed within 30 days of the entry of the judgment from which the appeal is sought).

On February 24, 2015, Patrick filed a Petition for Post-Conviction Relief in the Circuit Court for Baltimore County. State Ct. Docket Entries 10. On February 8, 2016, the Circuit Court denied Patrick's petition. *Id.* Patrick filed an Application for Leave to Appeal the denial of post-conviction relief, which the Court of Special Appeals of Maryland denied on February 28, 2017, with the mandate issuing on March 30, 2017. Mandate, ECF No. 3-2

## DISCUSSION

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court. *See* 28 U.S.C. § 2244(d)(1); *Wall v. Kholi*, 562 U.S. 545, 549 (2011). The one-year period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, *see* 28 U.S.C. § 2244(d)(1)(A), unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date, *see* 28 U.S.C. § 2244(d)(1)(B)–(D).[1] "The time during which a

---

[1] The statute provides:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2).

Under these facts, the appropriate time to start the running of the limitations period is the date judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. §2244(d)(1)(A). The limitations period started to run on the date Patrick's judgment of conviction became final for direct appeal purposes on March 28, 2005, and expired one year later. Almost ten years elapsed before Patrick filed state post-conviction proceedings on February 24, 2015.[2] "Post-conviction proceedings filed after the limitations period expired do not revive the one-year filing period." *Hoyte v. Zych*, No. DKC-10-2746, 2010 WL 4809115, at *2 (D. Md. Nov. 19, 2010). More than twelve years passed before Patrick filed his § 2254 Petition on August 24, 2017.[3] During this period, there were no proceedings pending in state court to statutorily toll the limitations period. The statute of

---

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[2] As Respondents observed in their Limited Answer, even if this Court were to consider the time during which Patrick's motion for reconsideration of sentence or application for review of sentence was pending, more than nine years passed between the time these motions were denied and his filing of his federal habeas petition. Resps.' Lim. Ans. 4 n.2.

[3] Patrick dated and signed the Petition on August 24, 2017, and it is deemed filed on that date. The "mail box rule" applies to prisoner § 2254 motions. *Houston v. Lack*, 487 U.S. 266 (1988).

limitations for his federal habeas petition expired long before Patrick initiated state post-conviction proceedings, and the pending petition is time barred under 28 U.S.C.§ 2244(d).

In *Holland v. Florida*, 560 U.S. 631, 645 (2010), the Supreme Court concluded that equitable tolling applies to the limitations period. The Court found that, in order to be entitled to equitable tolling, the movant must "show[] '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The question of whether equitable tolling applies hinges on "the facts and circumstances of [each] particular case." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).

Patrick argues that, because of "special circumstances surrounding [his] case," the Court should excuse the untimely filing of his federal Petition. Pet'r's Resp. 1. He asserts that he was "misguided" by his attorney, "the one person with knowledge of [his] case and knowledgeable about the deadlines that would have to be met." *Id.* at 3. According to Patrick, he did not file an Application for Leave to Appeal his plea because his attorney informed him during the plea hearing that there were "only . . . four very limited grounds" to appeal and that he "was 'unlikely to succeed' in an appeal challenging the trial court's jurisdiction, challenging [his] sentence as illegal, raising ineffective assistance of counsel, or challenging the 'voluntariness['] of the plea." *Id.* at 1; *see also* Plea Tr., ECF Nos. 5-1, 5-2. He contends that his attorney "failed to mention the knowing and intelligent aspect of the plea," and asserts that, as a twenty-one year old who did not graduate from high school but rather obtained his GED, he "had very little to no knowledge of how the criminal justice system worked and [he] knew [his] parents had made it a point to hire an attorney for fear that [some]thing would be left undone." Pet'r's Resp. 2.

Patrick's efforts to excuse the untimely filing based on his own ignorance and the allegedly ineffective assistance of his counsel are insufficient to support equitable tolling of the limitations period. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."). Patrick does not identify any purported attorney error that prevented him from filing his federal petition within the one year period and, in any event, "a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Harris*, 209 F. 3d at 331. Patrick provides no reason for waiting almost ten years before he filed his federal habeas petition. Thus, his allegations fail to demonstrate either that the diligence or the "extraordinary circumstance" necessary to warrant equitable tolling. *See Holland*, 560 U.S. at 649; *Pace*, 544 U.S. at 418 (2010). Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

## CERTIFICATE OF APPEALABILITY

Under the Amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A Certificate of Appealability may issue only if a petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are

5

adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that. . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Patrick does not satisfy this standard, and the Court declines to issue a Certificate of Appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

## CONCLUSION

For these reasons, the Petition IS DENIED and DISMISSED as time-barred. A Certificate of Appealability SHALL NOT ISSUE. A separate Order follows.

Date: <u>April 25, 2018</u>　　　　　　　　　____/S/_____
　　　　　　　　　　　　　　　　　　　　Paul W. Grimm
　　　　　　　　　　　　　　　　　　　　United States District Judge